KiNkade, J.
This is an action in mandamus. The relator was, in 1920,' in the employ of an employer who was then subject to the Workmen’s Compensation Laws of Ohio. In the course of and arising out of that employment, the relator suffered an accidental injury, serious in character, to his left leg below the knee, and to his left foot.
Applications were duly made - by the relator for awards covering damages sustained. Awards were made and paid until the total sum of $1,150.27 had been paid to cover temporary total disability, and a further total sum of $2,168.44 had been paid to apply on temporary partial disability.
On January 2, 1930, a further hearing was held by the respondent, and the following finding and order was made and entered on the records of respondent, that is to say: “It appearing from record that claimant has been paid $1,150.27 for temporary total disability, and $2,168.44 for partial disability, and it further appearing from the proof of record that the claimant’s partial disability does not exceed the loss of the injured foot which would have amounted to $1,500.00; therefore, the Commission finds that claimant has been paid in excess of the partial disability suffered as a result of the alleged injury.”
*199 No appeal was perfected by the relator from this finding and order to the conrt of common pleas, as provided by Section 1465-90, G-eneral Code, as in force in 1920, the date of the injury.
At the time of the making of the finding and order of January 2, 1930, and from time to time thereafter, relator requested respondent to grant a further hearing by the respondent, at which relator would be granted the right to introduce further evidence tending to establish a continuation of temporary partial disability and a resulting wage impairment arising therefrom, and to sustain the- claim of relator that he was entitled to continue to participate in funds in the hands of respondent applicable to wage impairment until the total payments made and to be made thereon aggregated a total of $3,750, as provided in Section 1465-80, General Code, as in force in November, 1920.
The respondent refused all requests of relator pertaining to further hearing after January 2, 1930, and insisted that the hearing on that date was a rehearing, and was a full and final adjudication of all the rights of the parties so far as the respondent was concerned, and that there was no provision in the law authorizing or requiring respondent to grant any further hearing thereafter.
To meet the situation thus arising, the relator filed this petition in mandamus, setting up therein the facts herein stated, and respondent demurs to the petition.
There are but two questions in the case, that is to say:
1. Did the claimant have a remedy by way of appeal under Section 1465-90, so as to prevent recourse to the remedy of mandamus?
2. Does the industrial commission have the right to limit wage impairment compensation by comparison with the amount payable for the entire loss of the bodily member involved?
This court cannot assent to the claim of respondent *200 that the finding and order made on January 2, 1930, has the scope and effect stated. Relator’s claim is based upon wage impairment. That subject is not specifically mentioned in the finding and order of January 2, 1930. True, the entry does say that relator has been overpaid, and assigns as a reason why the respondent concludes that the relator has been overpaid that he has been paid more than $1,500, the total sum he could have recovered if he had lost his foot entirely, as for instance by amputation. But the entry is silent on the question whether temporary partial disability still continues, and if it does, whether wage impairment arises therefrom, and if so, whether relator is thereby entitled to continue to participate until the provisions of the law have been fulfilled. That part of Section 1465-80, as it read in 1920, pertinent here, reads as follows: “In case of injury resulting in partial disability, the employee shall receive sixty-six and two-thirds per cent, of the impairment of his earning capacity during the continuance thereof, not to exceed a maximum of twelve dollars per week, nor a greater sum in the aggregate than thirty-seven hundred and fifty dollars, and such compensation shall be in addition to the compensation allowed to the claimant for the period of temporary total disability resulting from such injury.” (108 Ohio Laws, pt. 1, 319.)
This court is not disposed to deny relator the claimed right to have these questions passed upon by the respondent. The questions are important, and not free from doubt.
To sustain the demurrer would be tantamount to amending Section 1465-80, by disregarding the plain, unambiguous and important provisions therein contained, particularly those pertaining to wage impairment arising out of continuance of temporary partial disability. The section needs no interpretation at our *201 hands. All that is necessary is to read it and apply it. The demurrer must be overruled.

Demurrer overruled.

Maeshall, C. J., Matthias, Day, AlleN and StepheNSON, JJ., concur.
J ONES, J., not participating.